UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ASHER CONN,
      Petitioner                    :
                                :
                                :
      v.                        :   CIVIL NO. 4:CV-07-1718
                                :
                                :   (Judge Jones)
DOCTOR F. BHATTI,           :
      Respondent           :

**MEMORANDUM**

October *10* , 2007

## Background

This *pro se* petition seeking issuance of a writ of mandamus pursuant to 28 U.S.C. § 1361 was filed by Asher Conn ("Petitioner"), an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"). The Petitioner has submitted an application requesting leave to proceed *in forma pauperis* which will be granted. For the reasons outlined below, the petition will be denied without prejudice.

Named as sole Respondent is Doctor F. Bhatti, who is described as being a licensed physician employed at USP-Canaan. According to the Petition, Conn was transferred to USP-Canaan on February 6, 2007. Petitioner states that he has been diagnosed with "full blown affliction of Acquired Immune Deficiency

Sysdrom [sic] ("AIDS")." Doc. 1, p.1. Conn alleges that Doctor Bhatti is responsible for providing him with chronic care medical treatment. His Petition maintains that Bhatti has "arbitrary [sic] and unilaterally withhold prescribed and proven effect critical medicine from him." *Id.* at p. 2. Specifically, Petitioner contends that the Respondent acted improperly by abruptly discontinuing his prescription for Dexamethaxone Sod Phosphate/Kenolog which is used "to arrest opportunistic infections."[1] *Id.* at p. 1. As relief, Petitioner asks to be provided with the discontinued medication and he seeks an award of monetary damages.

## Discussion

Though the federal writ of mandamus is technically abolished, the court does have the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Section 1361 provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

---

[1] Petitioner indicates that he was prescribed Dexamethaxone Sod Phosphate/Kenolog in 2004 as treatment to arrest infections which had caused him to develop skin lesions. He adds that when the medication was previously discontinued during his confinement at USP-Lewisburg, he began developing infections which caused skin lesions and albino patches at an alarming rate until he was placed back on the medication.

A remedy of mandamus is a drastic measure "to be invoked only in extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996) (quoting *Allied Chem. Corp v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).  Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  A mandamus petitioner has the burden of establishing a clear and indisputable right to relief.  *Allied*, 449 U.S. at 35.  A party seeking mandamus relief must "have no other adequate means to attain the relief he desires." *Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976).

As an initial matter, although the government does have a constitutional obligation to provide Conn with adequate medical care, here Conn has failed to establish that the Respondent owes him a clear non-discretionary duty to provide him with a certain type of medication.  In addition, Conn's petition fails because Conn has other means available to attain the relief he seeks.  For example, Conn may assert his present request for relief in a properly filed civil rights action, and in fact, Conn already has a civil rights action pending before this Court regarding alleged inadequate medical treatment provided to him during his prior confinement at the United States Penitentiary, Lewisburg, Pennsylvania.  *See Conn v. Williamson, et al.*, Civil No. 4:CV-06-2211.  In that action, Conn seeks,

*inter alia*, an injunction directing that he be transferred to a federal correctional facility where he can be provided with proper medical care. Finally, Conn's present request for monetary damages is not properly raised in a mandamus petition. *E. Brenneman Co. v. Schramm*, 456 F. Supp. 269, 276 (E.D. Pa. 1978); *United States v. Pennsylvania*, 394 F. Supp. 261, 265 (M.D. Pa. 1975).

In conclusion, since Conn has failed to establish a clear and undisputable right to the requested relief and has alternate available remedies, his mandamus petition will be denied. An appropriate order will enter.